**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellee,*

　　　　v.

NICHOLAS PAEZ LOPEZ,
　　　　　*Defendant-Appellant.*

No. 00-4843

Appeal from the United States District Court
for the Western District of North Carolina, at Statesville.
Richard L. Voorhees, District Judge.
(CR-99-61)

Submitted: August 24, 2001

Decided: September 7, 2001

Before LUTTIG and WILLIAMS, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

## COUNSEL

John M. Tutterow, LAW OFFICES OF JOHN M. TUTTEROW, for
Appellant. Robert J. Conrad, Jr., United States Attorney, Gretchen
C.F. Shappert, Assistant United States Attorney, Charlotte, North
Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Nicholas Paez Lopez appeals his conviction and the 57-month sentence imposed by the district court following his guilty plea to conspiracy to possess with intent to distribute cocaine, methamphetamine, and marijuana. Lopez's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal, but raising the issue of whether Lopez received ineffective assistance of counsel during the proceedings below. Although advised of his right to do so, Lopez has not filed a pro se supplemental brief. We dismiss.

Lopez signed a written plea agreement in which he agreed to waive his right to contest either his conviction or sentence in any direct appeal or post-conviction proceeding, except on the grounds of ineffective assistance of counsel or prosecutorial misconduct. A defendant may waive the right to appeal if that waiver is knowing and intelligent. *United States v. Attar*, 38 F.3d 727, 731 (4th Cir. 1994). In determining whether a waiver is knowing and intelligent, we examine the background, experience, and conduct of the defendant. If the district court fully questions a defendant during the plea colloquy pursuant to Rule 11 of the Federal Rules of Criminal Procedure, regarding the waiver of his right to appeal, generally the waiver is valid and enforceable. *United States v. Wessells*, 936 F.2d 165, 167-68 (4th Cir. 1991).

The transcript of Lopez's Rule 11 hearing reveals that he understood the full significance of the waiver provision of his plea agreement. The prosecutor summarized the plea agreement, including the terms of the waiver provision. Lopez maintained, through his interpreter, that he had reviewed the written plea agreement, which he signed, with his attorney. The magistrate judge specifically questioned Lopez's understanding that he was waiving his right to appeal

his conviction and sentence. Lopez stated that he understood he was waiving his right to appeal. Lopez further indicated that he was satisfied with his attorney's representation. On these facts, we find that Lopez's waiver was knowingly and voluntarily given.

The only claim Lopez raises in his *Anders* brief is a general assertion that counsel was ineffective in the proceedings below. Claims of ineffective assistance of counsel, however, are better raised in motions pursuant to 28 U.S.C.A. § 2255 (West Supp. 2001), where, as here, it does not appear conclusively on the trial record that the defendant was provided ineffective representation. *United States v. Hoyle*, 33 F.3d 415, 418-19 (4th Cir. 1994).

We have examined the entire record in this case in accordance with the requirements of *Anders*, and find no meritorious issues for appeal. We therefore dismiss the appeal of Lopez's conviction and sentence. The court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*